MATTHEW G. BAGLEY (6820)
6141 W. INDIAN PONY WAY
HERRIMAN, UT 84096
TELEPHONE: (801) 819-5686
ATTORNEY FOR PLAINTIFF

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| SANDY CHANTHAMIXAY,<br><br>  Plaintiff,<br><br>v.<br><br>LVNV FUNDING, LLC; WEBBANK; GENTRY FINANCIAL GROUP, LLC; EXPERIAN INFORMATION SOLUTIONS, INC.; TRANSUNION, LLC; and EQUIFAX INFORMATION SERVICES, LLC,<br><br>  Defendants. | Case No.: 2:25-cv-662<br><br>**COMPLAINT FOR VIOLATION OF FAIR CREDIT REPORTING ACT (15 U.S.C. § 1681 *et seq*.) and FAIR DEBT COLLECTION PRACTICES ACT (15 U.S.C. § 1692 et seq.)** |

**I.      INTRODUCTION**

1.      This action arises out of Defendants' violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 et seq., and the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq., whereby Plaintiff discovered inaccurate information reporting on Plaintiff's consumer credit reports, disputed that inaccurate information, and Defendants willfully or negligently refused to correct the inaccurate information on Plaintiff's consumer credit reports, thereby damaging Plaintiff.

**II.     PARTIES**

2.      Plaintiff is, and was at all times hereinafter mentioned, a resident of the County of Salt Lake, Utah.

3. At all times pertinent hereto, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. §1681a(c).

4. Defendant, LVNV Funding, LLC, ("LVNV"), is and at all times relevant hereto was, a collections institution regularly doing business in the State of Utah.

5. At all times pertinent hereto, Defendant LVNV was a "person" as that term is defined in 15 U.S.C. §1681a(b) and also a "furnisher" of credit information as that term is described in 15 U.S.C. §1681s-2 *et seq.*

6. LVNV is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

7. Defendant, WebBank, is a for profit corporation existing and operating under the laws of the State of Utah that engages in the business of furnishing consumer credit information.

8. Defendant, Gentry Financial Group, LLC ("Gentry Finance"), is a for profit corporation existing and operating under the laws of the State of Utah that engages in the business of furnishing consumer credit information.

9. Defendant, Experian Information Solutions, Inc. ("Experian"), is a credit reporting agency, licensed to do business in Utah.

10. Defendant Experian is, and at all times relevant hereto was, regularly doing business in the State of Utah.

11. Defendant, TransUnion, LLC, ("TransUnion"), is a credit reporting agency, licensed to do business in Utah.

12. Defendant TransUnion is, and at all times relevant hereto was, regularly doing business in the State of Utah.

13. Defendant, Equifax Information Services, LLC ("Equifax"), is a credit reporting agency, licensed to do business in Utah.

14. Defendant Equifax is, and at all times relevant hereto was, regularly doing business in the State of Utah.

15. Defendants Experian, Equifax, and TransUnion are regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. §1681d, to third parties.

16. Defendants Experian, Equifax, and TransUnion furnish such consumer reports to third parties under contract for monetary compensation.

17. At all times pertinent hereto, Defendants Experian, Equifax, and TransUnion were each a "person" and "consumer reporting agency" as those terms are defined by 15 U.S.C. §1681a(b) and (f).

### III. JURISDICTION AND VENUE

18. This Court has jurisdiction over this action pursuant to 15 U.S.C. § 1681p, 15 U.S.C. § 1692k(d), and 28 U.S.C. § 1331.

19. Venue is proper in this district pursuant to 28 U.S.C. §1391(b); and as the Plaintiff resides in and the injury occurred in Salt Lake County, Utah; and as Defendants do business in the State of Utah.

20. Personal jurisdiction exists over Defendants as Plaintiff resides in the State of Utah, Defendants have the necessary minimum contacts with the State of Utah, and this suit arises out of specific conduct with Plaintiff within the State of Utah.

### IV. FACTUAL ALLEGATIONS

21. Plaintiff is a consumer who is the victim of inaccurate reporting by Defendants LVNV, WebBank, Gentry Finance, Experian, Equifax, and TransUnion (collectively, "Defendants"), and has suffered particularized and concrete harm.

22. Defendants Experian, Equifax, and Transunion are three of the largest consumer reporting agencies ("CRAs") as defined by 15 U.S.C. §1681a(f).

23. The CRAs' primary business is the sale of consumer reports (commonly referred to as "credit reports") to third parties and consumers.

24. Defendants Experian, Equifax, and TransUnion have a duty, under the FCRA, to follow reasonable procedures to ensure that the consumer reports they sell meet the standard of "maximum possible accuracy." 15 U.S.C. §1681e(b).

25. After reviewing Plaintiff's Experian, Equifax, and Transunion consumer reports in February 2025, Plaintiff discovered an LVNV account, WebBank account, and Gentry Finance account reported in error.

26. The Gentry Finance Account is reporting a balance past due after the debt was fully discharged through bankruptcy.

27. In December 2021, Plaintiff filed Chapter 7 Bankruptcy and included the Gentry Finance Account in Plaintiff's petition.

28. In March 2022, the Gentry Finance Account was fully discharged.

29. Despite the Gentry Finance Account's full discharge, Gentry Finance continues to erroneously report a balance past due on Plaintiff's consumer reports.

30. The WebBank Account and LVNV Account are unknown to Plaintiff and believed to be the product of fraud.

31. Plaintiff never held an account with WebBank.

32. After the WebBank Account was charged off, LVNV purchased the account from WebBank.

33. The LVNV Account is currently reported on Plaintiff's consumer reports with a balance past due.

34. The LVNV Account arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes.

35. Defendant LVNV acquired the debt after it was allegedly in default.

36. Defendant LVNV uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts.

37. Defendant LVNV regularly collects or attempts to collect, directly or indirectly, debts once owed or due, or once asserted to be owed or due.

38. It is not accurate and is misleading for Defendant LVNV to report a balance due on an account that is believed to be the product of fraud.

39. The false and misleading information regarding the LVNV Account, WebBank Account, and Gentry Finance Account (hereinafter the "Accounts") appearing on Plaintiff's consumer reports harms Plaintiff because it does not accurately depict Plaintiff's credit history and creditworthiness.

40. Defendants Experian, Equifax, and TransUnion published the false and misleading information regarding the Accounts to third parties.

### PLAINTIFF'S WRITTEN DISPUTES

41. In or about June 2025, Plaintiff sent a written dispute to Defendant Experian ("Experian Dispute"), disputing the inaccurate information regarding the Accounts reporting on Plaintiff's Experian consumer report.

42. In or about June 2025, Plaintiff sent a written dispute to Defendant Equifax ("Equifax Dispute"), disputing the inaccurate information regarding the Accounts reporting on Plaintiff's Equifax consumer report.

43. In or about June 2025, Plaintiff sent a written dispute to Defendant TransUnion ("TransUnion Dispute"), disputing the inaccurate information regarding the Accounts reporting on Plaintiff's TransUnion consumer report.

44. Upon information and belief, Defendants Experian, Equifax, and TransUnion forwarded Plaintiff's Experian Dispute, Equifax Dispute, and TransUnion Dispute (collectively the "Dispute Letters") to Defendants LVNV, WebBank, and Gentry Finance.

45. Upon information and belief, Defendants LVNV, WebBank, and Gentry Finance each received notification of Plaintiff's Dispute Letters from Defendants Experian, Equifax, and TransUnion.

46. Upon information and belief, Defendant LVNV verified the erroneous information associated with the LVNV Account to Defendants Experian, Equifax, and TransUnion.

47. Defendant LVNV did not conduct an investigation, contact Plaintiff, contact third parties, or review underlying account information with respect to the disputed information and the accuracy of the LVNV Account.

48. Upon information and belief, Defendant WebBank verified the erroneous information associated with the WebBank Account to Defendants Experian, Equifax, and TransUnion.

49. Defendant WebBank did not conduct an investigation, contact Plaintiff, contact third parties, or review underlying account information with respect to the disputed information and the accuracy of the WebBank Account.

50. Upon information and belief, Defendant Gentry Finance verified the erroneous information associated with the Gentry Finance Account to Defendants Experian, Equifax, and TransUnion.

51. Defendant Gentry Finance did not conduct an investigation, contact Plaintiff, contact third parties, or review underlying account information with respect to the disputed information and the accuracy of the Gentry Finance Account.

52. Defendant Experian did not conduct an investigation, contact Plaintiff, contact third parties, or review underlying account information with respect to the disputed information and the accuracy of the Accounts.

53. Defendant Equifax did not conduct an investigation, contact Plaintiff, contact third parties, or review underlying account information with respect to the disputed information and the accuracy of the Accounts.

54. Defendant TransUnion did not conduct an investigation, contact Plaintiff, contact third parties, or review underlying account information with respect to the disputed information and the accuracy of the Accounts.

55. Upon information and belief, Defendant LVNV failed to instruct Defendants Experian, Equifax, and TransUnion to remove the false and misleading information regarding the LVNV Account reporting on Plaintiff's consumer reports.

56. Upon information and belief, Defendant WebBank failed to instruct Defendants Experian, Equifax, and TransUnion to remove the false and misleading information regarding the WebBank Account reporting on Plaintiff's consumer reports.

57. Upon information and belief, Defendant Gentry Finance failed to instruct Defendants Experian, Equifax, and TransUnion to remove the false and misleading information regarding the Gentry Finance Account reporting on Plaintiff's consumer reports.

58. Defendants Experian, Equifax, and TransUnion employed an investigation process that was not reasonable and did not remove the false information regarding the Account identified in Plaintiff's Dispute Letters.

59. At no point after receiving the Dispute Letters did Defendants LVNV, WebBank, Gentry Finance, Experian, Equifax, and/or TransUnion communicate with Plaintiff to determine the veracity and extent of Plaintiff's Dispute Letters.

60. Defendants Experian, Equifax, and TransUnion relied on their own judgment and the information provided to them by Defendants LVNV, WebBank, and Gentry Finance rather than grant credence to the information provided by Plaintiff.

## COUNT I – EXPERIAN, EQUIFAX, AND TRANSUNION

## FAIR CREDIT REPORTING ACT VIOLATION – 15 U.S.C. §1681e(b)

61. Plaintiff re-alleges and reaffirms the above paragraphs as though fully set forth herein.

62. After receiving the Disputes, Defendants Experian, Equifax, and Transunion failed to correct the false and misleading information regarding the Accounts reporting on Plaintiff's Experian, Equifax, and Transunion consumer reports.

63. Defendants Experian, Equifax, and Transunion violated 15 U.S.C. §1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit reports and credit files Defendants Experian, Equifax, and Transunion published and maintained concerning Plaintiff.

64. As a result of this conduct, action, and/or inaction of Defendants Experian, Equifax, and Transunion, Plaintiff suffered damage, and continues to suffer, actual damages, including economic loss, damage to reputation, emotional distress, and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

65. The conduct, action, and/or inaction of Defendants Experian, Equifax, and Transunion was willful, thereby rendering them liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

66. In the alternative, Defendants Experian, Equifax, and Transunion were negligent, thereby entitling Plaintiff to recover damages under 15 U.S.C. §1681o.

67. Plaintiff is entitled to recover costs and attorneys' fees from Defendants Experian, Equifax, and Transunion pursuant to 15 U.S.C. §1681n and/or §1681o.

## COUNT II – EXPERIAN, EQUIFAX, AND TRANSUNION
## FAIR CREDIT REPORTING ACT VIOLATION – 15 U.S.C. §1681i

68. Plaintiff re-alleges and reaffirms the above paragraphs as though fully set forth herein.

69. After receiving the Disputes, Defendants Experian, Equifax, and Transunion each failed to correct the false and misleading information regarding the Accounts reporting on Plaintiff's Experian, Equifax, and Transunion consumer reports.

70. Defendants Experian, Equifax, and Transunion each violated 15 U.S.C. §1681i by failing to delete inaccurate information in Plaintiff's credit files after receiving actual notice of such inaccuracies, by failing to conduct lawful reinvestigations, and by failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit files.

71. As a result of this conduct, action and/or inaction of Defendants Experian, Equifax, and Transunion, Plaintiff suffered damage, and continues to suffer, actual damages, including economic loss, damage to reputation, emotional distress and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

72. The conduct, action, and/or inaction of Defendants Experian, Equifax, and Transunion was willful, thereby rendering them liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

73. In the alternative, Defendants Experian, Equifax, and Transunion were negligent, thereby entitling Plaintiff to recover damages under 15 U.S.C. §1681o.

74. Plaintiff is entitled to recover costs and attorneys' fees from Defendants Experian, Equifax, and Transunion pursuant to 15 U.S.C. §1681n and/or §1681o.

## COUNT III – GENTRY FINANCE

### (FAIR CREDIT REPORTING ACT VIOLATION – 15 U.S.C. §1681S-2(b)

75. Plaintiff re-alleges and reaffirms the above paragraphs as though fully set forth herein.

76. After receiving the Dispute Letters, Defendant Gentry Finance failed to correct the false and misleading information regarding the Gentry Finance Account reporting on Plaintiff's consumer reports.

77. Defendant Gentry Finance violated 15 U.S.C. §1681s-2(b) by failing to fully and properly investigate Plaintiff's disputes of Defendant Gentry Finance's representations; by failing to review all relevant information regarding Plaintiff's disputes; by failing to accurately respond to credit reporting agencies; by verifying false information; and by failing to permanently and lawfully correct its own internal records to prevent the re-reporting of Defendant Gentry Finance's representations to consumer credit reporting agencies, among other unlawful conduct.

78. As a result of this conduct, action, and/or inaction of Defendant Gentry Finance, Plaintiff suffered damages, and continues to suffer, actual damages, including economic loss, damage to reputation, emotional distress, and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

79. Defendant Gentry Finance's conduct, action, and/or inaction was willful, thereby rendering it liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

80. In the alternative, Defendant Gentry Finance was negligent, thereby entitling Plaintiff to recover damages under 15 U.S.C. §1681o.

81. Plaintiff is entitled to recover costs and attorneys' fees from Defendant Gentry Finance pursuant to 15 U.S.C. §1681n and/or 15 U.S.C. §1681o.

## COUNT IV– WEBBANK

### (Fair Credit Reporting Act Violation – 15 U.S.C. §1681s-2(b)

82. Plaintiff re-alleges and reaffirms the above paragraphs as though fully set forth herein.

83. After receiving the Dispute Letters, Defendant WebBank failed to correct the false and misleading information regarding the WebBank Account reporting on Plaintiff's consumer reports.

84. Defendant WebBank violated 15 U.S.C. §1681s-2(b) by failing to fully and properly investigate Plaintiff's disputes of Defendant WebBank's representations; by failing to review all relevant information regarding Plaintiff's disputes; by failing to accurately respond to credit reporting agencies; by verifying false information; and by failing to permanently and lawfully correct its own internal records to prevent the re-reporting of Defendant WebBank's representations to consumer credit reporting agencies, among other unlawful conduct.

85. As a result of this conduct, action, and/or inaction of Defendant WebBank, Plaintiff suffered damages, and continues to suffer, actual damages, including economic loss, damage to reputation, emotional distress, and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

86. Defendant WebBank's conduct, action, and/or inaction was willful, thereby rendering Defendant WebBank liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

87. In the alternative, Defendant WebBank was negligent, thereby entitling Plaintiff to recover damages under 15 U.S.C. §1681o.

88. Plaintiff is entitled to recover costs and attorneys' fees from Defendant WebBank pursuant to 15 U.S.C. §1681n and/or 15 U.S.C. §1681o.

### Count V – LVNV

**(FAIR CREDIT REPORTING ACT VIOLATION – 15 U.S.C. §1681S-2(b)**

89. Plaintiff re-alleges and reaffirms the above paragraphs as though fully set forth herein.

90. After receiving the Dispute Letters, Defendant LVNV failed to correct the false and misleading information regarding the LVNV Account reporting on Plaintiff's consumer reports.

91. Defendant LVNV violated 15 U.S.C. §1681s-2(b) by failing to fully and properly investigate Plaintiff's disputes of Defendant LVNV's representations; by failing to review all relevant information regarding Plaintiff's disputes; by failing to accurately respond to credit reporting agencies; by verifying false information; and by failing to permanently and lawfully correct its own internal records to prevent the re-reporting of Defendant LVNV's representations to consumer credit reporting agencies, among other unlawful conduct.

92. As a result of this conduct, action, and/or inaction of Defendant LVNV, Plaintiff suffered damages, and continues to suffer, actual damages, including economic loss, damage to reputation, emotional distress, and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

93. Defendant LVNV's conduct, action, and/or inaction was willful, thereby rendering Defendant LVNV liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

94. In the alternative, Defendant LVNV was negligent, thereby entitling Plaintiff to recover damages under 15 U.S.C. §1681o.

95. Plaintiff is entitled to recover costs and attorneys' fees from Defendant LVNV pursuant to 15 U.S.C. §1681n and/or 15 U.S.C. §1681o.

## COUNT VI – LVNV

### (Fair Debt Collection Practices Act Violation – 15 U.S.C. § 1692e)

96. Plaintiff realleges and reaffirms the above paragraphs as though fully set forth herein.

97. Congress enacted the FDCPA to "eliminate abusive debt collection practices, to ensure that debt collectors who abstain from such practices are not competitively disadvantaged, and to promote consistent state action to protect consumers." *Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA*, 559 U.S. 573, 577 (2010) (citing 15 U.S.C. § 1692(e)).

98. "The FDCPA is a strict liability statute to the extent it imposes liability without proof of an intentional violation." *Allen ex rel. Martin v. LaSalle Bank, N.A.*, 629 F.3d 364, 368 (3d Cir. 2011).

99. "It is a remedial statute that we 'construe . . . broadly, so as to effect its purpose.'" *Rosenau v. Unifund Corp.*, 539 F.3d 218, 221 (3d Cir. 2008) (quoting *Brown v. Card Serv. Ctr.*, 464 F.3d 450, 453 (3d Cir. 2006)).

100. More broadly, the FDCPA was enacted in order to eliminate abusive debt collection practices, which contribute to the number of personal bankruptcies, marital instability, loss of employment, and invasions of privacy as well as ensure that debt collectors who refrain from using such practices are not competitively disadvantaged. *See, e.g.,* 15 U.S.C. § 1692(a), (e); *Lesher v. Law Offices of Mitchell N. Kay, PC,* 650 F.3d 993, 996 (3d Cir.2011); *Wilson,* 225 F.3d at 354.

101. "[C]ourts have analyzed the statutory requirements [of the FDCPA] 'from the perspective of the least sophisticated debtor.' This standard is less demanding than one that inquires whether a particular debt collection communication would mislead or deceive a reasonable debtor." *Campuzano-Burgos v. Midland Credit Management, Inc.*, 550 F.3d 294, 298 (3d Cir. 2008) (quoting *Rosenau*, 539 F.3d at 221).

102. "The basic purpose of the least-sophisticated [debtor] standard is to ensure that the FDCPA protects all consumers, the gullible as well as the shrewd. This standard is consistent with the norms that courts have traditionally applied in consumer-protection law." *Caprio v. Healthcare Revenue Recovery Grp., LLC*, 709 F.3d 142, 148-49 (3d Cir. 2013) (quoting *Lesher,* 650 F.3d at 997).

103. The FDCPA creates a broad, flexible prohibition against the use of misleading, deceptive, or false representations in the collection of debts. *See* 15 U.S.C. § 1692e; *Hamilton v. United Healthcare of Louisiana, Inc.*, 310 F.3d 385, 392 (5th Cir. 2002) (citing legislative history reference to the FDCPA's general prohibitions which "will enable the courts, where appropriate, to proscribe other improper conduct which is not specifically addressed").

104. Included as an example of conduct that violates section 1692e is the false representation of the character, amount, or legal status of a debt. 15 U.S.C. § 1692e(2)(A).

105. Thus, the plain language of the FDCPA makes it clear that under the strict liability framework, any false representation as to the amount of the debt is sufficient to show a violation of the FDCPA. *See Randolph v. IMBS, Inc.*, 368 F.3d 726, 730 (7th Cir. 2004) ("§ 1692e(2)(A) creates a strict-liability rule. Debt collectors may not make false claims, period."); *see also Turner v. J.V.D.B. & Associates, Inc.*, 330 F.3d 991, 995 (7th Cir. 2003) ("under § 1692e ignorance is no excuse").

106. Under the same general prohibition of false, misleading, or deceptive debt collection practices, the FDCPA prohibits a debt collector from "[c]ommunicating or threatening to communicate to any person credit information which is known or which should be known to be false. . . ." 15 U.S.C. § 1692e(8).

107. Defendant LVNV violated 15 U.S.C. § 1692e by using false, deceptive, or misleading representations or means in connection with the collection of the Account, including by reporting false information to the credit reporting agencies concerning Plaintiff, and by failing to correct the false information once disputed.

### DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury in this action of all issues so triable.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff seeks a reasonable and fair judgment against Defendants LVNV, WebBank, Gentry Finance, Experian, TransUnion and Equifax, jointly and severally, for willful noncompliance with the Fair Credit Reporting Act and seeks statutory remedies as defined by 15 U.S.C. § 1681 and demands:

A. Actual damages to be proven at trial, or statutory damages pursuant to 15 U.S.C. § 1681n(a)(1)(A), of not less than $100 and not more than $1,000 per violation;

B. Punitive damages, pursuant 15 U.S.C. § 1681n(a)(2), for Defendants' willful violations;

C. The costs of instituting this action together with reasonable attorney's fees incurred by Plaintiff pursuant to 15 U.S.C. § 1681n(a)(3); and

D. Any further legal and equitable relief as the court may deem just and proper in the circumstances.

**WHEREFORE**, Plaintiff seeks a reasonable and fair judgment against Defendant LVNV for noncompliance with the Fair Debt Collection Practices Act and seeks remedies as defined by 15 U.S.C. § 1692 and demands:

A. An adjudication that LVNV violated 15 U.S.C. § 1692e;

B. Plaintiff's statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

C. Plaintiff's actual damages to be proven at trial, pursuant to 15 U.S.C. § 1692k(a)(1); and

D. Plaintiff's reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

Respectfully submitted August 7, 2025.

/s/ Matthew G. Bagley
Matthew G. Bagley