Benjamin A. Blair (Utah Bar #18853)
FAEGRE DRINKER BIDDLE & REATH LLP
300 N. Meridian St., Suite 2500
Indianapolis, IN 46204
Tel.: 317.237.0300
Benjamin.Blair@FaegreDrinker.com

*Attorneys for Defendant WebBank*

## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH

| | |
|---|---|
| Sandy Chanthamixay, <br><br> Plaintiff, <br><br> v. <br><br> LVNV Funding, LLC; WebBank; Gentry Finance Corporation; Experian Information Solutions, Inc.; TransUnion, LLC; and Equifax Information Services, LLC, <br><br> Defendants. | **DEFENDANT WEBBANK'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT** <br><br><br> Civil Action No. 2:25-cv-00662-HCN <br><br><br> District Judge Howard C. Nielson, Jr. |

Defendant WebBank hereby answers the First Amended Complaint ("Complaint") of Plaintiff Sandy Chanthamixay ("Plaintiff") as, follows:

Except as expressly admitted or qualified hereafter, WebBank denies each and every allegation of the Complaint.

### INTRODUCTION

1. This action arises out of Defendants' violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 et seq., and the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq., whereby Plaintiff discovered inaccurate information reporting on Plaintiff's consumer credit reports, disputed that inaccurate information, and Defendants willfully or negligently

- 1 -

refused to correct the inaccurate information on Plaintiff's consumer credit reports, thereby damaging Plaintiff.

**ANSWER**: WebBank admits that Plaintiff purports to allege violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, et seq., and the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq., WebBank denies it violated the FCRA, denies it violated the FDCPA, denies it violated the law, and denies it committed any wrongdoing. To the extent the allegations in paragraph 1 concern another defendant, WebBank lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

## PARTIES

2. Plaintiff is, and was at all times hereinafter mentioned, a resident of the County of Salt Lake, Utah.

**ANSWER**: WebBank lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 2 and therefore denies them.

3. At all times pertinent hereto, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. §1681a(c).

**ANSWER**: WebBank lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 3 and therefore denies them.

4. Defendant, LVNV Funding, LLC, ("LVNV"), is and at all times relevant hereto was, a collections institution regularly doing business in the State of Utah.

**ANSWER**:  WebBank lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 4 and therefore denies them.

5. At all times pertinent hereto, Defendant LVNV was a "person" as that term is defined in 15 U.S.C. §1681a(b) and also a "furnisher" of credit information as that term is described in 15 U.S.C.

DMS_US.374478558.2

§1681s-2 *et seq.*

**ANSWER**: WebBank lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 5 and therefore denies them.

6. LVNV is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

**ANSWER**: WebBank lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 5 and therefore denies them.

7. Defendant, WebBank, is a for profit corporation existing and operating under the laws of the State of Utah that engages in the business of furnishing consumer credit information.

**ANSWER**: WebBank admits that it is a bank with its main office in Utah. WebBank denies any remaining allegations in paragraph 7.

8. Defendant, Gentry Finance Corporation ("Gentry Finance"), is a for profit corporation existing and operating under the laws of the State of Utah that engages in the business of furnishing consumer credit information.

**ANSWER**:  WebBank lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 8 and therefore denies them.

9. Defendant, Experian Information Solutions, Inc. ("Experian"), is a credit reporting agency, licensed to do business in Utah.

**ANSWER**:  WebBank lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 9 and therefore denies them.

10. Defendant Experian is, and at all times relevant hereto was, regularly doing business in the State of Utah.

**ANSWER**: WebBank lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 10 and therefore denies them.

DMS_US.374478558.2

11. Defendant, TransUnion, LLC, ("TransUnion"), is a credit reporting agency, licensed to do business in Utah.

**ANSWER**:  WebBank lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 11 and therefore denies them.

12. Defendant TransUnion is, and at all times relevant hereto was, regularly doing business in the State of Utah.

**ANSWER**:  WebBank lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 12 and therefore denies them.

13. Defendant, Equifax Information Services, LLC ("Equifax"), is a credit reporting agency, licensed to do business in Utah.

**ANSWER**:  WebBank lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 13 and therefore denies them.

14. Defendant Equifax is, and at all times relevant hereto was, regularly doing business in the State of Utah.

**ANSWER**:  WebBank lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 14 and therefore denies them.

15. Defendants Experian, Equifax, and TransUnion are regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. §1681d, to third parties.

**ANSWER**:  WebBank lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 15 and therefore denies them.

16. Defendants Experian, Equifax, and TransUnion furnish such consumer reports to third parties under contract for monetary compensation.

DMS_US.374478558.2

**ANSWER**: WebBank lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 16 and therefore denies them.

17. At all times pertinent hereto, Defendants Experian, Equifax, and TransUnion were each a "person" and "consumer reporting agency" as those terms are defined by 15 U.S.C. §1681a(b) and (f).

**ANSWER**:  WebBank lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 17 and therefore denies them.

### JURISDICTION AND VENUE

18. This Court has jurisdiction over this action pursuant to 15 U.S.C. § 1681p, 15 U.S.C. § 1692k(d), and 28 U.S.C. § 1331.

**ANSWER**: The allegations in paragraph 18 assert legal conclusions to which no response is required. To the extent a response is required, WebBank does not dispute that jurisdiction in this Court is proper. WebBank denies any remaining allegations set forth in paragraph 18.

19. Venue is proper in this district pursuant to 28 U.S.C. §1391(b); and as the Plaintiff resides in and the injury occurred in Salt Lake County, Utah; and as Defendants do business in the State of Utah.

**ANSWER**: The allegations in paragraph 19 assert legal conclusions to which no response is required. To the extent a response is required, WebBank lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 19 and therefore denies them.

20. Personal jurisdiction exists over Defendants as Plaintiff resides in the State of Utah, Defendants have the necessary minimum contacts with the State of Utah, and this suit arises out of specific conduct with Plaintiff within the State of Utah.

**ANSWER**: The allegations in paragraph 20 assert legal conclusions to which no response is

- 5 -

required. To the extent a response is required, WebBank lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 20 and therefore denies them.

## FACTUAL ALLEGATIONS

21. Plaintiff is a consumer who is the victim of inaccurate reporting by Defendants LVNV, WebBank, Gentry Finance, Experian, Equifax, and TransUnion (collectively, "Defendants"), and has suffered particularized and concrete harm.

**ANSWER**: To the extent the allegations in paragraph 21 concern WebBank, WebBank denies the allegations. To the extent that the allegations concern other defendants, WebBank lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

22. Defendants Experian, Equifax, and Transunion are three of the largest consumer reporting agencies ("CRAs") as defined by 15 U.S.C. §1681a(f).

**ANSWER**: WebBank lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 22 and therefore denies them.

23. The CRAs' primary business is the sale of consumer reports (commonly referred to as "credit reports") to third parties and consumers.

**ANSWER**: WebBank lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 23 and therefore denies them.

24. Defendants Experian, Equifax, and TransUnion have a duty, under the FCRA, to follow reasonable procedures to ensure that the consumer reports they sell meet the standard of "maximum possible accuracy." 15 U.S.C. §1681e(b).

**ANSWER**: WebBank lacks knowledge or information sufficient to form a belief as to the truth

DMS_US.374478558.2

of the allegations in paragraph 24 and therefore denies them.

25. After reviewing Plaintiff's Experian, Equifax, and Transunion consumer reports in February 2025, Plaintiff discovered an LVNV account, WebBank account, and Gentry Finance account reported in error.

**ANSWER**: WebBank lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 25 and therefore denies them.

26. The Gentry Finance Account is reporting a balance past due after the debt was fully discharged through bankruptcy.

**ANSWER**: WebBank lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 26 and therefore denies them.

27. In December 2021, Plaintiff filed Chapter 7 Bankruptcy and included the Gentry Finance Account in Plaintiff's petition.

**ANSWER**: WebBank lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 27 and therefore denies them.

28. In March 2022, the Gentry Finance Account was fully discharged.

**ANSWER**: WebBank lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 28 and therefore denies them.

29. Despite the Gentry Finance Account's full discharge, Gentry Finance continues to erroneously report a balance past due on Plaintiff's consumer reports.

**ANSWER**: WebBank lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 29 and therefore denies them.

30. The WebBank Account and LVNV Account are unknown to Plaintiff and believed to be the product of fraud.

DMS_US.374478558.2

**ANSWER**: To the extent the allegation in paragraph 30 concern WebBank, WebBank denies the allegations. To the extent the allegations concern another defendant, WebBank lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

31. Plaintiff never held an account with WebBank.

**ANSWER**: WebBank denies the allegations in paragraph 31.

32. After the WebBank Account was charged off, LVNV purchased the account from WebBank.

**ANSWER**: WebBank admits that it sold an account bearing Plaintiff's name to Resurgent Capital Services on 12/28/2022, in accordance with WebBank's operative Terms and Conditions. To the extent the allegations concern another defendant, WebBank lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

33. The LVNV Account is currently reported on Plaintiff's consumer reports with a balance past due.

**ANSWER**: WebBank lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 33 and therefore denies them.

34. The LVNV Account arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes.

**ANSWER**: WebBank lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 34 and therefore denies them.

35. Defendant LVNV acquired the debt after it was allegedly in default.

**ANSWER**: WebBank lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 35 and therefore denies them.

DMS_US.374478558.2

36. Defendant LVNV uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts.

**ANSWER**: WebBank lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 36 and therefore denies them.

37. Defendant LVNV regularly collects or attempts to collect, directly or indirectly, debts once owed or due, or once asserted to be owed or due.

**ANSWER**: WebBank lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 37 and therefore denies them.

38. It is not accurate and is misleading for Defendant LVNV to report a balance due on an account that is believed to be the product of fraud.

**ANSWER**: WebBank lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 38 and therefore denies them.

39. The false and misleading information regarding the LVNV Account, WebBank Account, and Gentry Finance Account (hereinafter the "Accounts") appearing on Plaintiff's consumer reports harms Plaintiff because it does not accurately depict Plaintiff's credit history and creditworthiness.

**ANSWER**: To the extent the allegations in paragraph 39 concern WebBank, WebBank denies the allegations. To the extent the allegations concern other defendants, WebBank lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

40. Defendants Experian, Equifax, and TransUnion published the false and misleading information regarding the Accounts to third parties.

**ANSWER**: WebBank lacks knowledge or information sufficient to form a belief as to the truth

DMS_US.374478558.2

of the allegations in paragraph 40 and therefore denies them.

### PLAINTIFF'S WRITTEN DISPUTES

41. In or about June 2025, Plaintiff sent a written dispute to Defendant Experian ("Experian Dispute"), disputing the inaccurate information regarding the Accounts reporting on Plaintiff's Experian consumer report.

**ANSWER**: WebBank lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 41 and therefore denies them.

42. In or about June 2025, Plaintiff sent a written dispute to Defendant Equifax ("Equifax Dispute"), disputing the inaccurate information regarding the Accounts reporting on Plaintiff's Equifax consumer report.

**ANSWER**: WebBank lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 42 and therefore denies them.

43. In or about June 2025, Plaintiff sent a written dispute to Defendant TransUnion ("TransUnion Dispute"), disputing the inaccurate information regarding the Accounts reporting on Plaintiff's TransUnion consumer report.

**ANSWER**: WebBank lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 43 and therefore denies them.

44. Upon information and belief, Defendants Experian, Equifax, and TransUnion forwarded Plaintiff's Experian Dispute, Equifax Dispute, and TransUnion Dispute (collectively the "Dispute Letters") to Defendants LVNV, WebBank, and Gentry Finance.

**ANSWER**: WebBank lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 44 and therefore denies them.

45. Upon information and belief, Defendants LVNV, WebBank, and Gentry Finance each

- 10 -

DMS_US.374478558.2

received notification of Plaintiff's Dispute Letters from Defendants Experian, Equifax, and TransUnion.

**ANSWER**: WebBank denies the allegations in paragraph 45.

46. Upon information and belief, Defendant LVNV verified the erroneous information associated with the LVNV Account to Defendants Experian, Equifax, and TransUnion.

**ANSWER**: WebBank lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 46 and therefore denies them.

47. Defendant LVNV did not conduct an investigation, contact Plaintiff, contact third parties, or review underlying account information with respect to the disputed information and the accuracy of the LVNV Account.

**ANSWER**: WebBank lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 47 and therefore denies them.

48. Upon information and belief, Defendant WebBank verified the erroneous information associated with the WebBank Account to Defendants Experian, Equifax, and TransUnion.

**ANSWER**: WebBank denies the allegations in paragraph 48.

49. Defendant WebBank did not conduct an investigation, contact Plaintiff, contact third parties, or review underlying account information with respect to the disputed information and the accuracy of the WebBank Account.

**ANSWER**: WebBank denies the allegations in paragraph 49.

50. Upon information and belief, Defendant Gentry Finance verified the erroneous information associated with the Gentry Finance Account to Defendants Experian, Equifax, and TransUnion.

**ANSWER**: WebBank lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 50 and therefore denies them.

- 11 -

51. Defendant Gentry Finance did not conduct an investigation, contact Plaintiff, contact third parties, or review underlying account information with respect to the disputed information and the accuracy of the Gentry Finance Account.

**ANSWER**: WebBank lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 51 and therefore denies them.

52. Defendant Experian did not conduct an investigation, contact Plaintiff, contact third parties, or review underlying account information with respect to the disputed information and the accuracy of the Accounts.

**ANSWER**: WebBank lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 52 and therefore denies them.

53. Defendant Equifax did not conduct an investigation, contact Plaintiff, contact third parties, or review underlying account information with respect to the disputed information and the accuracy of the Accounts.

**ANSWER**: WebBank lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 53 and therefore denies them.

54. Defendant TransUnion did not conduct an investigation, contact Plaintiff, contact third parties, or review underlying account information with respect to the disputed information and the accuracy of the Accounts.

**ANSWER**: WebBank lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 54 and therefore denies them.

55. Upon information and belief, Defendant LVNV failed to instruct Defendants Experian, Equifax, and TransUnion to remove the false and misleading information regarding the LVNV Account reporting on Plaintiff's consumer reports.

DMS_US.374478558.2

**ANSWER**: WebBank lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 55 and therefore denies them.

56. Upon information and belief, Defendant WebBank failed to instruct Defendants Experian, Equifax, and TransUnion to remove the false and misleading information regarding the WebBank Account reporting on Plaintiff's consumer reports.

**ANSWER**: WebBank denies the allegations in paragraph 56.

57. Upon information and belief, Defendant Gentry Finance failed to instruct Defendants Experian, Equifax, and TransUnion to remove the false and misleading information regarding the Gentry Finance Account reporting on Plaintiff's consumer reports.

**ANSWER**: WebBank lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 57 and therefore denies them.

58. Defendants Experian, Equifax, and TransUnion employed an investigation process that was not reasonable and did not remove the false information regarding the Account identified in Plaintiff's Dispute Letters.

**ANSWER**: WebBank lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 58 and therefore denies them.

59. At no point after receiving the Dispute Letters did Defendants LVNV, WebBank, Gentry Finance, Experian, Equifax, and/or TransUnion communicate with Plaintiff to determine the veracity and extent of Plaintiff's Dispute Letters.

**ANSWER**: To the extent the allegations in paragraph 59 concern WebBank, WebBank denies the allegations. To the extent the allegations concern other defendants, WebBank lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

60. Defendants Experian, Equifax, and TransUnion relied on their own judgment and the information provided to them by Defendants LVNV, WebBank, and Gentry Finance rather than grant credence to the information provided by Plaintiff.

**ANSWER**: To the extent the allegations in paragraph 60 concern WebBank, WebBank denies the allegations. To the extent the allegations concern other defendants, WebBank lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

**COUNT I – EXPERIAN, EQUIFAX, AND TRANSUNION**

**FAIR CREDIT REPORTING ACT VIOLATION – 15 U.S.C. §1681e(b)**

61. Plaintiff re-alleges and reaffirms the above paragraphs as though fully set forth herein.

**ANSWER**: WebBank incorporates by reference its responses to the foregoing paragraphs of the Complaint.

62. After receiving the Disputes, Defendants Experian, Equifax, and Transunion failed to correct the false and misleading information regarding the Accounts reporting on Plaintiff's Experian, Equifax, and Transunion consumer reports.

**ANSWER**: WebBank lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 62 and therefore denies them.

63. Defendants Experian, Equifax, and Transunion violated 15 U.S.C. §1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit reports and credit files Defendants Experian, Equifax, and Transunion published and maintained concerning Plaintiff.

**ANSWER**: WebBank lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 63 and therefore denies them.

DMS_US.374478558.2

64. As a result of this conduct, action, and/or inaction of Defendants Experian, Equifax, and Transunion, Plaintiff suffered damage, and continues to suffer, actual damages, including economic loss, damage to reputation, emotional distress, and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

**ANSWER**: WebBank lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 64 and therefore denies them.

65. The conduct, action, and/or inaction of Defendants Experian, Equifax, and Transunion was willful, thereby rendering them liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

**ANSWER**: WebBank lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 65 and therefore denies them.

66. In the alternative, Defendants Experian, Equifax, and Transunion were negligent, thereby entitling Plaintiff to recover damages under 15 U.S.C. §1681o.

**ANSWER**: WebBank lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 66 and therefore denies them.

67. Plaintiff is entitled to recover costs and attorneys' fees from Defendants Experian, Equifax, and Transunion pursuant to 15 U.S.C. §1681n and/or §1681o.

**ANSWER**: WebBank lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 67 and therefore denies them.

**COUNT II – EXPERIAN, EQUIFAX, AND TRANSUNION**

**FAIR CREDIT REPORTING ACT VIOLATION – 15 U.S.C. §1681i**

68. Plaintiff re-alleges and reaffirms the above paragraphs as though fully set forth herein.

- 15 -

**ANSWER**: WebBank incorporates by reference its responses to the foregoing paragraphs of the Complaint.

69. After receiving the Disputes, Defendants Experian, Equifax, and Transunion each failed to correct the false and misleading information regarding the Accounts reporting on Plaintiff's Experian, Equifax, and Transunion consumer reports.

**ANSWER**: WebBank lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 69 and therefore denies them.

70. Defendants Experian, Equifax, and Transunion each violated 15 U.S.C. §1681i by failing to delete inaccurate information in Plaintiff's credit files after receiving actual notice of such inaccuracies, by failing to conduct lawful reinvestigations, and by failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit files.

**ANSWER**: WebBank lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 70 and therefore denies them.

71. As a result of this conduct, action and/or inaction of Defendants Experian, Equifax, and Transunion, Plaintiff suffered damage, and continues to suffer, actual damages, including economic loss, damage to reputation, emotional distress and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

**ANSWER**: WebBank lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 71 and therefore denies them.

72. The conduct, action, and/or inaction of Defendants Experian, Equifax, and Transunion was willful, thereby rendering them liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

- 16 -

DMS_US.374478558.2

**ANSWER**: WebBank lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 72 and therefore denies them.

73. In the alternative, Defendants Experian, Equifax, and Transunion were negligent, thereby entitling Plaintiff to recover damages under 15 U.S.C. §1681o.

**ANSWER**: WebBank lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 73 and therefore denies them.

74. Plaintiff is entitled to recover costs and attorneys' fees from Defendants Experian, Equifax, and Transunion pursuant to 15 U.S.C. §1681n and/or §1681o.

**ANSWER**: WebBank lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 74 and therefore denies them.

## COUNT III – GENTRY FINANCE

## (FAIR CREDIT REPORTING ACT VIOLATION – 15 U.S.C. §1681S-2(b)

75. Plaintiff re-alleges and reaffirms the above paragraphs as though fully set forth herein.

**ANSWER**: WebBank incorporates by reference its responses to the foregoing paragraphs of the Complaint.

76. After receiving the Dispute Letters, Defendant Gentry Finance failed to correct the false and misleading information regarding the Gentry Finance Account reporting on Plaintiff's consumer reports.

**ANSWER**: WebBank lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 76 and therefore denies them.

77. Defendant Gentry Finance violated 15 U.S.C. §1681s-2(b) by failing to fully and properly investigate Plaintiff's disputes of Defendant Gentry Finance's representations; by failing to review all relevant information regarding Plaintiff's disputes; by failing to accurately respond to credit

DMS_US.374478558.2

reporting agencies; by verifying false information; and by failing to permanently and lawfully correct its own internal records to prevent the re-reporting of Defendant Gentry Finance's representations to consumer credit reporting agencies, among other unlawful conduct.

**ANSWER**: WebBank lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 77 and therefore denies them.

78. As a result of this conduct, action, and/or inaction of Defendant Gentry Finance, Plaintiff suffered damages, and continues to suffer, actual damages, including economic loss, damage to reputation, emotional distress, and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

**ANSWER**: WebBank lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 78 and therefore denies them.

79. Defendant Gentry Finance's conduct, action, and/or inaction was willful, thereby rendering it liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

**ANSWER**: WebBank lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 79 and therefore denies them.

80. In the alternative, Defendant Gentry Finance was negligent, thereby entitling Plaintiff to recover damages under 15 U.S.C. §1681o.

**ANSWER**: WebBank lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 80 and therefore denies them.

81. Plaintiff is entitled to recover costs and attorneys' fees from Defendant Gentry Finance pursuant to 15 U.S.C. §1681n and/or 15 U.S.C. §1681o.

**ANSWER**: WebBank lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 81 and therefore denies them.

DMS_US.374478558.2

**COUNT IV– WEBBANK**

**(FAIR CREDIT REPORTING ACT VIOLATION – 15 U.S.C. §1681S-2(b)**

82. Plaintiff re-alleges and reaffirms the above paragraphs as though fully set forth herein.

**ANSWER**: WebBank incorporates by reference its responses to the foregoing paragraphs of the Complaint.

83. After receiving the Dispute Letters, Defendant WebBank failed to correct the false and misleading information regarding the WebBank Account reporting on Plaintiff's consumer reports.

**ANSWER**: WebBank denies the allegations in paragraph 83.

84. Defendant WebBank violated 15 U.S.C. §1681s-2(b) by failing to fully and properly investigate Plaintiff's disputes of Defendant WebBank's representations; by failing to review all relevant information regarding Plaintiff's disputes; by failing to accurately respond to credit reporting agencies; by verifying false information; and by failing to permanently and lawfully correct its own internal records to prevent the re-reporting of Defendant WebBank's representations to consumer credit reporting agencies, among other unlawful conduct.

**ANSWER**: The allegations in paragraph 84 assert legal conclusions to which no response is required. To the extent a response is required, WebBank denies the allegations.

85. As a result of this conduct, action, and/or inaction of Defendant WebBank, Plaintiff suffered damages, and continues to suffer, actual damages, including economic loss, damage to reputation, emotional distress, and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

**ANSWER**: WebBank denies the allegations in paragraph 85.

86. Defendant WebBank's conduct, action, and/or inaction was willful, thereby rendering Defendant WebBank liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

- 19 -

**ANSWER**: The allegations in paragraph 86 assert legal conclusions to which no response is required. To the extent a response is required, WebBank denies the allegations.

87. In the alternative, Defendant WebBank was negligent, thereby entitling Plaintiff to recover damages under 15 U.S.C. §1681o.

**ANSWER**: The allegations in paragraph 87 assert legal conclusions to which no response is required. To the extent a response is required, WebBank denies the allegations.

88. Plaintiff is entitled to recover costs and attorneys' fees from Defendant WebBank pursuant to 15 U.S.C. §1681n and/or 15 U.S.C. §1681o.

**ANSWER**: The allegations in paragraph 88 assert legal conclusions to which no response is required. To the extent a response is required, WebBank denies the allegations.

### COUNT V – LVNV

### (FAIR CREDIT REPORTING ACT VIOLATION – 15 U.S.C. §1681S-2(b)

89. Plaintiff re-alleges and reaffirms the above paragraphs as though fully set forth herein.

**ANSWER**: WebBank incorporates by reference its responses to the foregoing paragraphs of the Complaint.

90. After receiving the Dispute Letters, Defendant LVNV failed to correct the false and misleading information regarding the LVNV Account reporting on Plaintiff's consumer reports.

**ANSWER**: WebBank lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 90 and therefore denies them.

91. Defendant LVNV violated 15 U.S.C. §1681s-2(b) by failing to fully and properly investigate Plaintiff's disputes of Defendant LVNV's representations; by failing to review all relevant information regarding Plaintiff's disputes; by failing to accurately respond to credit reporting agencies; by verifying false information; and by failing to permanently and lawfully correct its

DMS_US.374478558.2

own internal records to prevent the re-reporting of Defendant LVNV's representations to consumer credit reporting agencies, among other unlawful conduct.

**ANSWER**: WebBank lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 91 and therefore denies them.

92. As a result of this conduct, action, and/or inaction of Defendant LVNV, Plaintiff suffered damages, and continues to suffer, actual damages, including economic loss, damage to reputation, emotional distress, and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

**ANSWER**: WebBank lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 92 and therefore denies them.

93. Defendant LVNV's conduct, action, and/or inaction was willful, thereby rendering Defendant LVNV liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

**ANSWER**: WebBank lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 93 and therefore denies them.

94. In the alternative, Defendant LVNV was negligent, thereby entitling Plaintiff to recover damages under 15 U.S.C. §1681o.

**ANSWER**: WebBank lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 94 and therefore denies them.

95. Plaintiff is entitled to recover costs and attorneys' fees from Defendant LVNV pursuant to 15 U.S.C. §1681n and/or 15 U.S.C. §1681o.

**ANSWER**: WebBank lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 95 and therefore denies them.

- 21 -

**COUNT VI – LVNV**

**(Fair Debt Collection Practices Act Violation – 15 U.S.C. § 1692e)**

96. Plaintiff realleges and reaffirms the above paragraphs as though fully set forth herein.

**ANSWER**:

97. Congress enacted the FDCPA to "eliminate abusive debt collection practices, to ensure that debt collectors who abstain from such practices are not competitively disadvantaged, and to promote consistent state action to protect consumers." *Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA*, 559 U.S. 573, 577 (2010) (citing 15 U.S.C. § 1692(e)).

**ANSWER**: WebBank lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 97 and therefore denies them.

98. "The FDCPA is a strict liability statute to the extent it imposes liability without proof of an intentional violation."  *Allen ex rel. Martin v. LaSalle Bank, N.A.*, 629 F.3d 364, 368 (3d Cir. 2011).

**ANSWER**: WebBank lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 98 and therefore denies them.

99. "It is a remedial statute that we 'construe . . . broadly, so as to effect its purpose.'" *Rosenau v. Unifund Corp.*, 539 F.3d 218, 221 (3d Cir. 2008) (quoting *Brown v. Card Serv. Ctr.*, 464 F.3d 450, 453 (3d Cir. 2006)).

**ANSWER**: WebBank lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 99 and therefore denies them.

100. More broadly, the FDCPA was enacted in order to eliminate abusive debt collection practices, which contribute to the number of personal bankruptcies, marital instability, loss of employment, and invasions of privacy as well as ensure that debt collectors who refrain from using

- 22 -

such practices are not competitively disadvantaged. *See, e.g.,* 15 U.S.C. § 1692(a), (e); *Lesher v. Law Offices of Mitchell N. Kay, PC,* 650 F.3d 993, 996 (3d Cir.2011); *Wilson,* 225 F.3d at 354.

**ANSWER**: WebBank lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 100 and therefore denies them.

101. "[C]ourts have analyzed the statutory requirements [of the FDCPA] 'from the perspective of the least sophisticated debtor.' This standard is less demanding than one that inquires whether a particular debt collection communication would mislead or deceive a reasonable debtor." *Campuzano-Burgos v. Midland Credit Management, Inc.*, 550 F.3d 294, 298 (3d Cir. 2008) (quoting *Rosenau*, 539 F.3d at 221).

**ANSWER**: WebBank lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 101 and therefore denies them.

102. "The basic purpose of the least-sophisticated [debtor] standard is to ensure that the FDCPA protects all consumers, the gullible as well as the shrewd. This standard is consistent with the norms that courts have traditionally applied in consumer-protection law." *Caprio v. Healthcare Revenue Recovery Grp., LLC*, 709 F.3d 142, 148-49 (3d Cir. 2013) (quoting *Lesher,* 650 F.3d at 997).

**ANSWER**: WebBank lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 102 and therefore denies them.

103. The FDCPA creates a broad, flexible prohibition against the use of misleading, deceptive, or false representations in the collection of debts. *See* 15 U.S.C. § 1692e; *Hamilton v. United Healthcare of Louisiana, Inc.*, 310 F.3d 385, 392 (5th Cir. 2002) (citing legislative history reference to the FDCPA's general prohibitions which "will enable the courts, where appropriate, to proscribe other improper conduct which is not specifically addressed").

**ANSWER**: WebBank lacks knowledge or information sufficient to form a belief as to the truth

- 23 -

of the allegations in paragraph 103 and therefore denies them.

104. Included as an example of conduct that violates section 1692e is the false representation of the character, amount, or legal status of a debt.  15 U.S.C. § 1692e(2)(A).

**ANSWER**: WebBank lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 104 and therefore denies them.

105. Thus, the plain language of the FDCPA makes it clear that under the strict liability framework, any false representation as to the amount of the debt is sufficient to show a violation of the FDCPA.  *See Randolph v. IMBS, Inc.*, 368 F.3d 726, 730 (7th Cir. 2004) ("§ 1692e(2)(A) creates a strict-liability rule. Debt collectors may not make false claims, period."); *see also Turner v. J.V.D.B. & Associates, Inc.*, 330 F.3d 991, 995 (7th Cir. 2003) ("under § 1692e ignorance is no excuse").

**ANSWER**: WebBank lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 105 and therefore denies them.

106. Under the same general prohibition of false, misleading, or deceptive debt collection practices, the FDCPA prohibits a debt collector from "[c]ommunicating or threatening to communicate to any person credit information which is known or which should be known to be false. . . ." 15 U.S.C. § 1692e(8).

**ANSWER**: WebBank lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 106 and therefore denies them.

107. Defendant LVNV violated 15 U.S.C. § 1692e by using false, deceptive, or misleading representations or means in connection with the collection of the Account, including by reporting false information to the credit reporting agencies concerning Plaintiff, and by failing to correct the false information once disputed.

- 24 -

**ANSWER**: WebBank lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 107 and therefore denies them.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury in this action of all issues so triable.

**ANSWER**: WebBank admits only that Plaintiff has requested a jury trial. WebBank denies that Plaintiff is entitled to any relief outlined herein.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff seeks a reasonable and fair judgment against Defendants LVNV, WebBank, Gentry Finance, Experian, TransUnion and Equifax, jointly and severally, for willful noncompliance with the Fair Credit Reporting Act and seeks statutory remedies as defined by 15 U.S.C. § 1681 and demands:

A. Actual damages to be proven at trial, or statutory damages pursuant to 15 U.S.C. § 1681n(a)(1)(A), of not less than $100 and not more than $1,000 per violation;

B. Punitive damages, pursuant 15 U.S.C. § 1681n(a)(2), for Defendants' willful violations;

C. The costs of instituting this action together with reasonable attorney's fees incurred by Plaintiff pursuant to 15 U.S.C. § 1681n(a)(3); and

D. Any further legal and equitable relief as the court may deem just and proper in the circumstances.

**ANSWER**: WebBank denies the allegations in the first Prayer for Relief section immediately following the Demand for Relief section including each of its subparts, A through D. WebBank further denies that Plaintiff is entitled to any judgment, damages, relief and/or award sought under Prayer for Relief section of the Complaint, including each of its subparts, A through D.

- 25 -

**WHEREFORE**, Plaintiff seeks a reasonable and fair judgment against Defendant LVNV for noncompliance with the Fair Debt Collection Practices Act and seeks remedies as defined by 15 U.S.C. § 1692 and demands:

A. An adjudication that LVNV violated 15 U.S.C. § 1692e;

B. Plaintiff's statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

C. Plaintiff's actual damages to be proven at trial, pursuant to 15 U.S.C. § 1692k(a)(1); and

D. Plaintiff's reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

**ANSWER**: WebBank denies the allegations in the second Prayer for Relief section immediately following the first Prayer for Relief section including each of its subparts, A through D. WebBank further denies that Plaintiff is entitled to any judgment, damages, relief and/or award sought under Prayer for Relief section of the Complaint, including each of its subparts, A through D.

## AFFIRMATIVE DEFENSES

1. Plaintiff has failed to state a claim upon which relief may be granted.

2. Plaintiff failed to mitigate her damages, if any.

3. Plaintiff's damages, if any, were caused by the actions and/or inaction of third parties and/or intervening causes over which WebBank has no control.

4. WebBank acted at all times in compliance with the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq., and it is entitled to each and every defense stated in the Act and any and all limitations of liability.

DMS_US.374478558.2

5. WebBank acted at all times in compliance with the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq., and it is entitled to each and every defense stated in the Act and any and all limitations of liability.

6. WebBank is not a debt collector under the Fair Debt Collection Practices Act.

7. WebBank acted reasonably and in good faith at all material times based on all relevant facts and circumstances known by it at the time it so acted.

8. The alleged actions of WebBank were not the proximate cause of any injury or loss allegedly suffered by Plaintiff.

9. Plaintiff is estopped from recovering from WebBank.

10. WebBank pleads and asserts all applicable constitutional, statutory, and common law limitations on punitive damages.

11. Some or all of Plaintiff's claims may be subject to arbitration in accordance with the terms and conditions of the account. WebBank reserves the right to compel arbitration pursuant to the terms and conditions of the applicable contractual agreements and/or account terms and conditions.

12. WebBank is not a "debt collector" under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq.

13. WebBank reserves the right to supplement its affirmative defenses as it continues with its factual investigation of Plaintiff's claims.

Dated: November 12, 2025

FAEGRE DRINKER BIDDLE & REATH LLP

*/s/ Benjamin A. Blair*

Benjamin A. Blair (Utah Bar No. 18853)
Benjamin.blair@faegredrinker.com

- 27 -

DMS_US.374478558.2

300 N. Meridian Street
Indianapolis, IN 46204
Telephone: +1 317 237 1206
Facsimile: +1 317 237 1000

***Attorneys for Defendant WebBank***

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 12th day of November, 2025, a true and correct copy of the foregoing Motion was served electronically via the CM/ECF system, which serves all registered users in this action.

<u>*/s/ Benjamin A. Blair*</u>
Benjamin A. Blair

- 28 -

DMS_US.374478558.2